IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT HEIZELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-326-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| CORRECTIONAL OFFICER | ) | |
| PARKER, CORRECTION OFFICER | ) | |
| ROMRIELL | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court in this prisoner civil rights matter are Defendants' Partial Motion to Dismiss (Docket No. 18) and Defendants' Motion to Dismiss Re: Failure to Exhaust Administrative Remedies (Docket No. 26). The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including entering final judgment, in accordance with 28 U.S.C. § 636(c). (Docket Nos. 13, 15.)

After reviewing the parties' briefing and the record herein, the Court has determined that this matter will be resolved on the written submissions without oral argument. D. Idaho L. Civ. R. 7.1(d)(2). For the reasons set forth more fully below, the Court will grant Defendants' Motion to Dismiss Re: Failure to Exhaust Administrative Remedies. Because the entire action will be dismissed, Defendants' Partial Motion to Dismiss shall be deemed moot.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

At the time that Plaintiff filed his Civil Rights Complaint on July 30, 2007, he was incarcerated at the Idaho Maximum Security Institution (IMSI). The Court conducted an initial review of the Complaint and allowed Plaintiff to proceed with Eighth Amendment claims against Correctional Officers Romriell and Parker based on Plaintiff's allegations that they denied him access to food, clothing, and a toilet for a period of time at IMSI.[1] (Docket No. 9.)

After Plaintiff was released from custody in November 2008, Defendants filed a Partial Motion to Dismiss, arguing that Plaintiff's claims for injunctive and declaratory relief were mooted by his release. (Docket No. 18.) Defendants have since filed their Motion to Dismiss all claims based on Plaintiff's failure to exhaust available administrative remedies before filing his Complaint. (Docket No. 26.) Plaintiff has submitted his responses, and the Court is now prepared to issue its ruling.

## STANDARD OF LAW

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), an inmate is required to exhaust all available administrative remedies within the jail or prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S.

---

[1] As has become apparent by Defendants' subsequent filings, Plaintiff incorrectly referred to Correctional Officer Romriell in his Complaint as "Ramrow."

**MEMORANDUM DECISION AND ORDER - 2**

199, 211 (2007). In *Jones*, the Supreme Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

Proper exhaustion is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Where there is an informal and relatively simple prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Id.* at 103. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 118.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion, and the court may resolve disputed issues of fact. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2002). Defendants bear the burden of proving a lack of exhaustion. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

## DISCUSSION

Defendants have come forward with evidence establishing the relatively simple, three-step grievance process that was in place at IMSI when Plaintiff was held there: informal complaint, formal grievance, and appeal.

The first step is for the inmate to seek an informal resolution of his claim by filing an offender Concern Form. (Docket No. 26-2, Affidavit of Kim Reischman, ¶ 5.) If the

**MEMORANDUM DECISION AND ORDER - 3**

problem cannot be resolved informally, the offender may go to the second step, which is to obtain a Grievance Form from prison staff.  (*Id.*, at ¶ 6.)  Once the Grievance Form is submitted, it is reviewed by the Grievance Coordinator at the prison to make sure it is complete, and it is then assigned to the most appropriate staff member to address the inmate's concerns.  (*Id.*, at ¶ 7.)  The staff member responds to the grievance, which is then forwarded to the reviewing authority, usually a deputy warden, for a decision.  (*Id.*)  A response is issued by the reviewing authority, which is logged by the Grievance Coordinator and returned to the offender.  (*Id.*)

If the inmate is not satisfied with the response to his grievance, he may file an appeal within 10 days.  (*Id.*, at ¶ 9.)  The Grievance Coordinator will log the appeal and forward it to the appropriate appellate authority, which is generally the warden.  (*Id.*)  A response will be prepared by the appellate authority and returned with the Grievance Form to the Grievance Coordinator, which is then forwarded to the inmate.  (*Id.*)  "Upon completion of all three steps, i.e., Offender Concern Form, Grievance Form, and Grievance Appeal, the offender grievance procedure is exhausted."  (*Id.*, at ¶ 10.)

In the present case, Defendants have submitted an affidavit from the Grievance Coordinator at IMSI, Kim Reischman, who asserts that she has reviewed institutional records for grievances submitted by Plaintiff between July 30, 2005, and July 30, 2007 (the period covered by the two-year statute of limitations).  According to her review, Plaintiff initiated the grievance process several times, but he did not properly complete any appeals to the appellate authority, let alone any appeals in which he presented the

**MEMORANDUM DECISION AND ORDER - 4**

same claims that he has raised here. (Reischman Aff. at ¶ 15.) In support of Ms. Reischman's claims, Defendants have also lodged a copy of a spreadsheet showing that no appeals were resolved on the merits for any of Plaintiff's grievances before July 2007. (*Id.*, Exhibit D.)

Plaintiff has not provided any contrary evidence showing that he did, in fact, properly complete an appeal during the relevant period of time. Instead, he appears to argue that he did not understand how to appeal a grievance decision. (Docket No. 28, pp. 2-3.) The Court does not find this claim to be persuasive. According to IDOC's written policy, each inmate "shall, up arrival at the facility, receive written notification and an oral explanation of the procedure." (Reischman Aff., Exhibit B.) In addition, the standard Grievance Form contains a section at the bottom for an appeal, which would alert the inmate to that step in the process. (*Id.*, Exhibit C.) Plaintiff was obviously aware of the grievance process generally, as he admits that he "put in 50 grievances on these people at least in the past." (Docket No. 28, p. 2.) In any event, an inmate's willful blindness to readily accessible rules governing a prison's administrative remedies does not make those potential avenues of relief "unavailable" for exhaustion purposes under 42 U.S.C. § 1997e(a).

Accordingly, because an appeal is the final step in the prison's established grievance process, Plaintiff's failure to complete that step means that he did not properly exhaust all potential remedies that were available to him before filing his Complaint. *See Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (holding that a prisoner must comply with the

**MEMORANDUM DECISION AND ORDER - 5**

prison's rules for completing the administrative process). The Court concludes that the Defendants have carried their burden to prove that Plaintiff failed to exhaust his available remedies.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Re: Failure to Exhaust Administrative Remedies (Docket No. 26) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Partial Motion to Dismiss (Docket No. 18) is dismissed as MOOT.



DATED: **June 8, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge